UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHESTERFIELD SPINE CENTER, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-133 (CEJ) |
| | ) | |
| AETNA HEALTH, INC., and AETNA | ) | |
| HEALTH INSURANCE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the court on defendants' motion to dismiss plaintiff's first amended complaint, pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff has filed a response in opposition and a motion for oral argument.

### I. **Background**

Plaintiff Chesterfield Spine Center, LLC, performed two surgical procedures on patient D.T. Before each procedure, plaintiff obtained the required preauthorizations from D.T.'s health insurers, defendants Aetna Health, Inc., and Aetna Health Insurance, Inc. After defendants refused to pay plaintiff's invoices in full, plaintiff filed suit against them in the Circuit Court of St. Louis County, Missouri, asserting claims of negligent misrepresentation, quantum meruit, and promissory estoppel.

Defendants removed the case to this court, invoking federal-question jurisdiction under 28 U.S.C. § 1331. Defendants describe this action as one concerning entitlement to benefits under an employee benefit plan under 29 U.S.C. § 1132(a)(1)(B). Alternatively, defendants assert that the court has jurisdiction

based on diversity of citizenship under 28 U.S.C. § 1332(a)(1). Defendants now move to dismiss the first amended complaint, arguing that plaintiff's state law claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* (ERISA).

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. See also id. at 563 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

## III. Discussion

There are two preemption doctrines under ERISA, each differing in scope and effect. First, Section 514(a) of ERISA, 29 U.S.C. § 1144(a), provides that the Act

shall "supersede . . . State laws insofar as they . . . relate to any employee benefit plan."[1] Section 514 provides a federal defense to a plaintiff's state law claims but it does not authorize removal to federal court. Tovey v. Prudential Ins. Co. of America, 42 F. Supp. 2d 919, 922 (W.D. Mo. 1999) (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (case may not be removed to federal court on the basis of a federal defense, "including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.")

Second, ERISA's civil enforcement provision, Section 502(a), 29 U.S.C. 1132(a), authorizes a plan "participant or beneficiary" to bring a civil action "to recover benefits . . ., enforce his rights . . ., or to clarify his rights" under an employee benefit plan.[2] This "integrated enforcement mechanism. . . is a distinctive feature of ERISA, and essential to accomplish Congress' purpose of creating a comprehensive statute for the regulation of employee benefit plans." Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004). Congress intended Section 502 to be the exclusive means for a plan participant to recover benefits from an ERISA plan. Taylor, 481 U.S. at 63. Indeed, Section 502 has "such 'extraordinary' preemptive power that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Connecticut State

---

[1] Preemption under Section 514 is variously referred to as "conflict," "ordinary" or "defensive" preemption. Connecticut State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 n.3 (11th Cir. 2009) (using "conflict" or "defensive" preemption); Tovey v. Prudential Ins. Co. of America, 42 F. Supp. 2d 919, 922 (W.D. Mo. 1999) (using "ordinary" preemption).

[2] Preemption under Section 502 is variously called "complete preemption" or "super preemption." See Connecticut State Dental, 591 F.3d at 1344.

Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1344 (11th Cir. 2009) (quoting Taylor, 481 U.S. at 65-66).

Preemption under § 502(a) differs from preemption under § 514 because it is jurisdictional in nature, while defensive preemption functions as an affirmative defense. Id. Preemption under § 502 is also "narrower" than preemption under § 514 because § 502 applies only where a plan participant or beneficiary seeks to recover benefits or assert rights under a plan, while § 514 preempts state law claims that "relate to" an employee benefit plan. Thus, It is possible for a state-law claim to be defensively preempted under Section 514(a), because it "relates to" an employee benefit plan, but not be completely preempted under Section 502(a), because it is not brought by a plan participant or beneficiary or seek to recover benefits under the plan. In such a case, the defendant may assert preemption as a defense, but such preemption will not provide a basis for removal to federal court. Cotton v. Massachusetts Mut. Life Ins. Co., 402 F.3d 1267, 1281 (11th Cir. 2005); see also Marin Gen'l Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 949 (9th Cir. 2009) ("Defendants are free to assert in state court a defense of conflict preemption under § 514(a), but they cannot rely on that defense to establish federal question jurisdiction.").

Defendants here seek dismissal of plaintiff's state law claims based on "complete preemption" under Section 502. However, it is undisputed that the court has jurisdiction based on diversity of citizenship. Thus, defendants' arguments under Section 502 are misplaced and the appropriate analysis arises under Section 514.

Under Section 514 state law claims are preempted "insofar as they . . . relate

to any employee benefit plan." A state-law claim "relates to" an employee benefit plan governed by ERISA "if it has a connection with or reference to such plan." New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 656 (1995). Under the relationship test, courts "look to whether the state law encroaches on relationships regulated by ERISA, such as between plan and plan member, plan and employer, and plan and trustee." Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Grp., Inc., 187 F.3d 1045, 1053 (9th Cir. 1999). State law claims do not "relate to" an ERISA plan where the adjudication of the claim requires no interpretation of the plan, no distribution of benefits, and no dispute regarding any benefits previously paid. Saint Luke's Hosp. of Kansas City v. Wabash Mem'l Hosp. Ass'n, No. 14-00059-CV-W-SWH, 2014 WL 6773637, at *4 (W.D. Mo. Dec. 2, 2014) (quoting Peralta v. Hispanic Business, Inc., 419 F.3d 1064, 1069 (9th Cir. 2005)).

In order for the court to determine whether plaintiff's state law claims are preempted under Section 514, it will be necessary to examine the terms of the plan and any other agreements governing the parties' relationship. See id. at * 5 (under Section 514 analysis, "[w]hat is essential are the terms and conditions of the PPO agreement and oral agreement between the parties."). This analysis cannot be undertaken in the context of the instant motion to dismiss.

\* \* \*

For the foregoing reasons,

**IT IS HEREBY ORDERED** that defendants' joint motion to dismiss plaintiff's amended complaint [Doc. #12] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's motion for hearing [Doc. #16] is

**denied as moot**.

                                                                              */s/ Carol E. Jackson*
                                                                              CAROL E. JACKSON
                                                                              UNITED STATES DISTRICT JUDGE

Dated this 13th day of May, 2015.