UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHESTERFIELD SPINE CENTER, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15-CV-133 (CEJ) |
| ) | |
| AETNA LIFE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion for summary judgment. Plaintiff has filed a response in opposition and the issues are fully briefed.

Plaintiff Chesterfield Spine Center, LLC, performed two surgical procedures on patient D.T, who was insured through an employee health benefit plan administered by defendant Aetna Life Insurance Company. Before each procedure, plaintiff obtained the required preauthorizations from defendant. Nonetheless, when plaintiff submitted its invoices for payment, defendant refused to pay them in full.

Plaintiff filed suit in state court, asserting claims of negligent misrepresentation, quantum meruit, and promissory estoppel. The matter was removed to this Court, with jurisdiction based on federal question and diversity of citizenship. Defendant moved to dismiss plaintiff's complaint, pursuant to Fed.R.Civ.P. 12(b)(6), asserting that plaintiff's claims were preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 *et seq*. The Court denied the motion, reasoning that preemption could not be addressed at the dismissal stage because a determination of whether plaintiff's claims were

preempted would require examination of the ERISA plan and other agreements governing the parties' relationship.

## I. Background[1]

Patient D.T. underwent a spinal fusion on October 8, 2012 (Surgery 1). Prior to Surgery 1, plaintiff contacted defendant to obtain the necessary preauthorization. On October 4, 2012, defendant notified plaintiff that coverage was approved for two specific services, identified as Codes 22558 and 22851. [Doc. #62-2 at 44-45]. However, defendant did not promise payment of a specific amount and stated that payment would be based on contracted or negotiated rates plus Aetna's "standard code and bundling logic." Id. Plaintiff performed Surgery 1 on October 8 and submitted claims for the two preapproved services plus additional services, including one identified as Code L8699. [Doc. #62-2 at 36]. On November 21, 2012, defendant denied payment for the additional services because they were not preapproved. See Letter dated Dec. 18, 2012 [Doc. #62-2 at 46-47]. In addition, defendant noted that Code L8699 should not have been separately billed because it was bundled with others. Defendant upheld the decision on review, id., and on final appeal. [Doc. #62-2 at 48] (Letter dated Jan. 22, 2014, stating "our payment policy . . . shows L8699 is included in [a] surgery code.").

A similar scenario played out in advance of Surgery 2, performed on February 18, 2013. That is, plaintiff sought preauthorization for a number of services, not including Code L8699. [Doc. #62-2 at 9]. After the surgery, plaintiff submitted its claims, including for Code L8699, in the total amount of $45,876. [Doc. #62-2 at 37]. Defendant denied payment for the amounts billed under Code

---

[1] Plaintiff does not contest defendant's statement of uncontroverted material facts. By operation of E.D. Mo. L.R. 4.01(E), these facts are deemed admitted.

L8699. [Compare Doc. #62-2 at 37 and at 52]. Plaintiff's current practice is to seek preauthorization for so-called "L Codes" to ensure that there is no miscommunication and to obtain a proper estimate of the amount the patient will be responsible to pay. Nancy Boyle Dep. at 25-26 [Doc. #64].

## II. Discussion

Defendant reasserts its argument that plaintiff's state law claims are preempted by ERISA. In the alternative, defendant argues that there is insufficient evidence to establish the necessary elements of plaintiff's state law claims. In response to defendant's motion, plaintiff concedes that ERISA preempts its state law claims. Plaintiff asks the Court to enter summary judgment but allow the action to survive and to grant plaintiff leave to amend its pleadings and add the plan administrator as a new party. Based on plaintiff's concession, defendant's summary judgment motion will be granted.

Plaintiff cites Estes v. Fed. Express Corp., 417 F.3d 870 (8th Cir. 2005), to support its suggestion that the Court can grant summary judgment to defendant and yet deem plaintiff's claims to survive. In Estes, plaintiff asserted state-law claims to challenge a plan administrator's determination that she was no longer disabled within the meaning of an employee benefit plan. The district court determined that plaintiff's claims were preempted by ERISA and granted defendant's motion to dismiss, but gave plaintiff leave to file an amended complaint. The Eighth Circuit was "satisfied the district court correctly determined Estes's state law claims are preempted by ERISA." Contrary to plaintiff's suggestion, Estes does not stand for the proposition that state law claims remain viable once it is determined that they are preempted by ERISA.

3

The Case Management Order established July 30, 2015 as the deadline for amending pleadings. [Doc. #27].[2] In order to amend pleading after this deadline, plaintiff must satisfy the standard set forth in Rule 16 of the Federal Rules of Civil Procedure for modifying scheduling orders. Under Rule 16, a case management order "may be modified only for good cause." Fed.R.Civ.P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716–17 (8th Cir. 2008) (quoting Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006)). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Id. at 717; see Freeman v. Busch, 349 F.3d 582, 589 (8th Cir. 2003) (affirming the district court's denial of plaintiff's motion to amend her complaint for failure to show good cause); Trademark Med., LLC v. Birchwood Labs., Inc., 22 F. Supp. 3d 998, 1004 (E.D. Mo. 2014) (rejecting plaintiff's argument that new discovery justified late amendment of pleadings).

Although plaintiff acknowledges that it must show good cause, it fails to identify any basis for finding that it acted diligently and that it has satisfied the good cause standard, and its request to amend will be denied on that basis. Plaintiff argues that because defendant has always asserted that plaintiff's claims arise under ERISA, any prejudice to defendant is minimal. The Court disagrees. Allowing plaintiff to amend its claims and add an additional party at this late stage will

---

[2] On that date, plaintiff moved to substitute the proper party defendant but otherwise made no changes to its pleadings, even though plaintiff was on notice that ERISA potentially preempted the state law claims. [Doc. #30].

4

essentially restart the litigation, requiring additional discovery and new dispositive motions. Plaintiff will not be granted leave to amend its complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Doc. #60] is **granted**.

A judgment in accordance with this Memorandum and Order will be entered separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of August, 2016.